I respectfully dissent from the majority's decision to award the plaintiff $3,000.00 for the loss of his hair, pursuant to N.C. Gen. Stat. § 97-31(24), and not awarding the plaintiff $15,000.00 for the total cost of his hair graft procedure, which the undersigned finds to be reasonable medical treatment pursuant to N.C. Gen. Stat. §§ 97-2(19) and 97-25. Because the majority found that the plaintiff's loss of hair was compensable, and paid $3,000.00 in benefits to the plaintiff, the undersigned would find that any related medical treatment, including hair grafts, is presumed to be compensable. The undersigned also disagrees with the majority's findings regarding the issue of the plaintiff's termination.
The majority found that the plaintiff was diagnosed with right periorbital ecchymosis and contusion with hair evulsion following the work-related altercation plaintiff sustained on May 18, 2007. In layman's terms, the plaintiff was left with a permanent bald patch on his head when his hair was pulled from his scalp during the altercation. It is undisputed that the altercation constituted a compensable injury by accident. The majority further found that the plaintiff, at his own expense, received 2,500 hair grafts under the treatment of Linda Kwiatkowski, M.D., with Bosley hair restoration. The record shows that the initial cost of this medical treatment by Dr. Kwiatkowski was estimated to be $14,545.00, and that the final cost to the plaintiff was $15,000.00. Dr. Kwiatkowski, in a letter dated October 22, 2008, stated that the hair loss "falls in line with patient's claim of his hair being pulled out from a work altercation." *Page 11 
The majority found there to be insufficient medical evidence in which to find that the plaintiff's medical treatment with Dr. Kwiatkowski was reasonably necessary pursuant to N.C. Gen. Stat. §§ 97-2(19) and 97-25. The undersigned finds there is indeed sufficient evidence to show that the plaintiff's treatment with Dr. Kwiatkowski was necessary to provide relief and that such treatment was related to the injury by accident. Dr. Kwiatkowski's medical records are the only evidence in record on the issue of the plaintiff's hair grafts, and there is no medical evidence to the contrary. Moreover, the defendants have not provided a reasonable basis for the denial of this medical treatment. Thus, the undersigned finds that the plaintiff should be awarded $15,000.00 for the hair grafts he received under the treatment of Dr. Kwiatkowski pursuant to N.C. Gen. Stat. §§ 97-2(19) and 97-25.
The undersigned would further disagree with the majority's finding that the plaintiff is not entitled to indemnity compensation because he was terminated for misconduct and fault for which a non-disabled employee would ordinarily have been terminated by the defendant-employer. See Seagraves v. Austin Co. ofGreensboro, 123 N.C. App. 228, 472 S.E. 2d 397 (1996). The evidence of record shows that plaintiff was not the aggressor in the work-place altercation, which arose from a verbal disagreement concerning a pallet of soft drinks. The co-worker who started the altercation was ultimately found criminally responsible for the incident. The undersigned would find that the defendants are simply trying to use the employer's "no-tolerance" violence policy to avoid paying indemnity benefits to the plaintiff, who was merely a victim of an unprovoked assault by a co-worker. There is insufficient evidence of record to show that a non-disabled employee would ordinarily have been terminated by the defendant-employer for merely being the victim of an attack.
For these reasons, I respectfully dissent. *Page 12 
This ___ day of July 2010. *Page 1